## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

NADIRA LEKHRAJ

    Debtor.

_____/

JASPUP PROPERTY HOLDINGS, LLC
and MAHENDRA RAMSARUP,

    Plaintiffs,

vs.

NADIRA LEKHRAJ,

    Defendant.

_____/

Case No.: 6:22-bk-01524-LVV

Chapter 7

ADV. PROC. NO.

## COMPLAINT OBJECTING TO ENTRY OF DISCHARGE
## AND SEEKING DENIAL OF DISCHARGE

Plaintiffs, JASPUP PROPERTY HOLDINGS, LLC ("Jaspup") and MAHENDRA RAMSARUP ("Ramsarup") (collectively, "Plaintiffs"), for their Complaint Objecting to Entry of Discharge of NADIRA LEKHRAJ (the "Defendant") and Seeking Denial of the Defendant's Discharge state, allege, and aver as follows:

### Parties

1.    Jaspup is a Florida limited liability company with its principal place of business located in Palm Beach County, Florida.

2.    Ramsarup is an individual residing in Palm Beach County, Florida.

3.    The Defendant is an individual residing in Orange County, Florida.

4.      Lekhraj Investments 2, LLC ("Lekhraj") is a Florida limited liability company with its principal place of business located in Orange County, Florida.  Lekhraj is owned and operated by the Defendant.

## Statement of Jurisdiction

5.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a) and (b)(2)(J).

6.      This is an adversary proceeding to object to the entry of a discharge pursuant to Bankr. R. Proc. 7001(4).

7.      The determination of the discharge of debt is a matter subject to 11 U.S.C. § 727 and 11 U.S.C. § 523.

8.      Pursuant to Bankr. R. Proc. 7008, the Plaintiffs state that this proceeding is core pursuant to 28 U.S.C. § 157(b)(2)(J).

9.      Pursuant to Bankruptcy Rule 7008, the Plaintiffs consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

10.     All conditions precedent to the filing of this action have been performed, waived, satisfied or have occurred.

## Background

11.     On May 11, 2020, Ramsarup entered into an investment contract with Lekhraj (the "Ramsarup Agreement"), (a true and correct copy of which is attached hereto as *Exhibit "A"*).

Case 6:22-ap-00069-LVV    Doc 1    Filed 08/31/22    Page 3 of 22

12.      On June 2, 2020, Jaspup entered into an investment contract with Lekhraj (the "Jaspup Agreement"), (a true and correct copy of which is attached hereto as *Exhibit "B"),*

13.      On May 11, 2020, Ramsarup entered into an investment contract with Lekhraj (the "Ramsarup Agreement"), (a true and correct copy of which is attached hereto as *Exhibit "B")*

14.      Pursuant to the Jaspup Agreement and Ramsarup Agreement (collectively referred to as the "Agreements"), the Defendant, through Lekhraj, offered and agreed to provide investment services to Jaspup and Ramsarup, and promised:

    a.  The invested funds would bring variable monthly profit on a positive trading month.

    b.  A statement would be emailed on a monthly basis reflecting the investor's account progress.

    c.  The invested funds would start to trade on high cash trading platform on the next trading date.

    d.  The funds located in the client's portion of the account could be withdrawn by the client at any time, without any fees or penalty.

    e.  Lekhraj, through the Defendant, would fully comply with applicable law and exercise its best efforts to provide good quality services to the benefit of client.

15.      In accordance with the terms of the Agreements, Jaspup and Ramsarup made payments to the Defendant, through Lekhraj, to invest on their behalf.

16.      On May 13, 2020, Ramsarup made payment to Lekhraj in the amount of $30,000.00 as its initial investment for Lekhraj's investment services pursuant to the Ramsarup Agreement.

17.     On June 7, 2020, Jaspup made payment to Lekhraj in the amount of $300,000.00 as its initial investment for Lekhraj's investment services pursuant to the Jaspup Agreement.

18.     On August 27, 2020, Jaspup made an additional payment to Lekhraj in the amount of $500,000.00 for Lekhraj's investment services pursuant to the Jaspup Agreement.

19.     At all times material hereto, the Defendant was the owner, sole member, registered agent, and authorized agent for Lekhraj, and conducted business activities on behalf of Lekhraj.

20.     Jaspup has demanded payment from Lekhraj of the $800,000.00 it invested.

21.     Lekhraj, through the Defendant, has failed to return Jaspup's money in the amount of $800,000.00 in accordance with the terms of the Jaspup Agreement.

22.     Ramsarup has demanded payment from Lekhraj of the $30,000.00 it invested.

23.     Lekhraj, through the Defendant, has failed to return Ramsarup's money in the amount of $30,000.00 in accordance with the terms of the Ramsarup Agreement.

24.     On or about March 12, 2021, Jaspup filed a Complaint against the Defendant and Lekhraj in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2021-CA-2635 (the "State Court Case") asserting causes of action for Violation of § 517.12 of the Florida Securities and Investor Protection Act, Violation of § 517.07 of the Florida Securities and Investor Protection Act, Violation of § 517.301 of the Florida Securities and Investor Protection Act, Breach of Contract, Unjust Enrichment, and Money Had and Received.

***Violation of § 517.12 of the Florida Securities and Investor Protection Act***

25.     § 517.12(1), Fla. Stat., states, in relevant part, "[n]o dealer, associated person, or issuer of securities shall sell or offer for sale any securities in or from offices in this state, or sell

securities to persons in this state...unless the person has been registered with the office pursuant to the provisions of this section."

26.    § 517.021(15), Fla. Stat., states: "Issuer" means any person who proposes to issue, has issued, or shall hereafter issue any security. Any person who acts as a promoter for and on behalf of a corporation, trust, or unincorporated association or partnership of any kind to be formed shall be deemed an issuer.

27.    At all times material hereto, Lekhraj and the Defendant were not registered to offer securities with the Office of Financial Regulation in accordance with Chapter 517, Fla. Stat., nor were Lekhraj or the Defendant exempt from registration under § 517.051, Fla. Stat. or § 517.061, Fla. Stat.

28.    The Defendant violated § 517.12(1), Fla. Stat. by offering and selling securities, from offices within Florida to Jaspup and Ramsarup, who reside in Florida without being registered to do so in accordance with Florida law.

29.    As a direct and proximate result of Defendants offering and selling securities to Jaspup and Ramsarup while not being registered to do so in Florida, Jaspup and Ramsarup suffered damages.

30.    In accordance with § 517.211(1), Fla. Stat., both Lekhraj and the Defendant shall be held jointly and severally liable as they both participated in offering and selling securities to Jaspup and Ramsarup within Florida without being registered in accordance with Florida law to do so.

31.    In accordance with § 517.211, Fla. Stat., the Agreement, which was made in violation of §517.07, Fla. Stat., may be rescinded at the election of the purchaser.

32.    In accordance with § 517.211(3), Fla. Stat., Jaspup and Ramsarup may recover the consideration paid for the investments and interest.

### Violation of § 517.07 of the Florida Securities and Investor Protection Act

33.    § 517.07(1), Fla. Stat. provides that "[i]t is unlawful and a violation of this chapter for any person to sell or offer to sell a security within this state unless the security ... is registered pursuant to this chapter."

34.    In connection with Lekhraj, through its authorized agent, the Defendant, entering an investment contract with Jaspup and Ramsarup, Lekhraj and the Defendant violated § 517.07, Fla. Stat. by offering and selling unregistered securities to Jaspup and Ramsarup.

35.    The Agreements themselves are a security in accordance with Florida law as § 517.021(22), Fla. Stat., defines "Security", which includes, in relevant part, an investment contract and any right to subscribe to or purchase any security.

36.    The Defendant was also in violation of § 517.07(2), Fla. Stat. because she did not provide Jaspup and Ramsarup with a prospectus prior to offering and selling Jaspup and Ramsarup the security.

37.    As a direct and proximate result of Defendant's sale of unregistered securities, Jaspup and Ramsarup suffered damages.

38.    In accordance with § 517.211(1), Fla. Stat., both Lekhraj and the Defendant shall be held jointly and severally liable as they both participated in the unlawful advice, offering, and selling of securities to Jaspup and Ramsarup.

39.    In accordance with § 517.211, Fla. Stat., the Agreement, which was made in violation of §517.07, Fla. Stat., may be rescinded at the election of the purchaser.

40.     In accordance with § 517.211(3), Fla. Stat., Jaspup and Ramsarup may recover the consideration paid for the investments and interest.

***Violation of § 517.301 of the Florida Securities and Investor Protection Act***

41.     The Agreements constitute a security under Florida Law as they were an investment contract.

42.     The Defendant made false representations to Jaspup and Ramsarup and omitted key investment information, including but not limited to the following:

a.   The funds located in the client's portion of the account can be withdrawn by the client at any time, without any fees or penalty.

b.   Lekhraj fully complies with the applied law and exercises its best efforts to provide good quality services to the benefit of client.

c.   Omitted details of the actual use of Jaspup and Ramsarup's investments.

d.   The investments were safe.

43.     The false representations and omissions were material to Jaspup and Ramsarup's decision to make payments to the Defendant for the investments offered by the Defendant.

44.     The Defendant knew, or should have known, in the exercise of reasonable care, that the misrepresentations and omission were false and materially misleading.

45.     The Defendant knew, or should have known, that she had a duty to disclose accurate and complete information with regard to the money invested by Jaspup and Ramsarup and be registered in Florida to offer securities.

46.     Jaspup and Ramsarup relied on the misrepresentations of the Defendant to their detriment.

47.     Based on the foregoing allegations, the Defendant, either directly or indirectly, employed a device, scheme, or artifice to defraud Jaspup and Ramsarup in connection with the offer and sale of the Agreements, which are a security under Florida Law, in violation of § 517.301(1)(a), Fla. Stat.

48.     Lekhraj and the Defendant's collective and individual actions violated § 517.301(1)(a), Fla. Stat., because they used untrue statements of material fact and omitted material facts.

49.     In accordance with § 517.211(1), Fla. Stat., both Lekhraj and the Defendant shall be held jointly and severally liable as they both participated in the unlawful advice, offering, and selling of securities to Jaspup and Ramsarup.

50.     In accordance with § 517.211, Fla. Stat., the Agreement, which was made in violation of §517.07, Fla. Stat., may be rescinded at the election of the purchaser.

51.     In accordance with § 517.211(3), Fla. Stat., Jaspup and Ramsarup may recover the consideration paid for the investment and interest.

**The Bankruptcy**

52.     On April 27, 2022, the Defendant filed for Bankruptcy relief under Chapter 7 of the United States Bankruptcy Code.

53.     On April 27, 2022, the Defendant filed her Schedules listing Jaspup as an unsecured creditor in an unknown amount.  The Defendant failed to list Ramsarup as an unsecured creditor.

54.     Jaspup and Ramsarup's claims make up more than 90% of the creditor base.

*The §341 First Meeting of Creditors*

55.     On June 1, 2022, the 341 meeting of creditors was conducted.

56.    The Defendant testified that:

a)  She was not licensed to sell securities in the state of Florida or anywhere else;

b)  That she invested $50,000 of her own money into the Ponzi scheme along with the $830,000.00 from Jaspup and Ramsarup; and,

c)  That she did not know how $400,000.00 in sales proceeds from the sale of real property were used because the properties sold belonged to her husband.

*The 2004 Examination*

57.    On July 21, 2022, the Defendant was examined by counsel for Jaspup and Ramsarup under Bankr. R. Proc. 2004.

58.    The Defendant testified to the following:

a)     Jaspup and Ramsarup are owed $830,000.00;

b)     Ramsarup was not listed om the schedules;

c)     The Defendant is the sole owner and employee of Lekhraj;

d)     Lekhraj was opened in May 2020 and all $830,000 invested by Jaspup and Ramsarup were lost by August 2020;

e)     The Defendant is not licensed to sell securities in the state of Florida or anywhere else ;

f)     the Defendant and Lekhraj were never registered to offer securities with the Office of Financial Regulation;

g)     The Defendant and Lekhraj never provided Jaspup or Ramsarup with a prospectus, prior to their investment in Lekhraj;

h)     The Defendant claimed that she did disclose to Jaspup and Ramsarup that 100% of their investment in Lekhraj would be invested with Avinash

Singh or his business.  However there is no proof of such conversation and Jaspup and Ramsarup deny that they had any knowledge of their funds being invested with Avinash Singh or his business;

i)   The Defendant represented to Jaspup and Ramsarup that the funds located in their accounts could be withdrawn by the client at any time, without any fees or penalty;

j)   The Defendant had no experience investing money for others;

k)   The Defendant had no experience in investing in commodities futures;

l)   The Defendant actively solicited clients for Lekhraj;

m)   The Defendant promised Jaspup and Ramsarup that she would take care of their money;

n)   The Defendant understood Jaspup and Ramsarup trusted her;

o)   The Defendant had sole custody over their funds invested with Lekhraj;

p)   The Defendant assured Jaspup and Ramsarup that their money was safe;

q)   Soley invested with Avinash Singh and his business;

r)   The Defendant made $45,000 from investing Jaspup and Ramsarup's money;

s)   The Defendant now claimed to have personally invested $200,000, despite claiming $50,000 at the 341 meeting;

t)   The Defendant claimed that Lekhraj had no other investors;

u)   Then the Defendant admitted that there was another investor who got all of her investment back plus a profit;

v)    The Defendant paid personal expenses including those related to her husband's real property from the Lekhraj account;

w)    The Defendant paid a deposit of $11,547 to Taylor Morrison homes, but claims that it was not for her daughter's house which is currently listed for sale;

x)    The mortgage on the Defendant's homestead was paid off around October 2020[1], with proceeds from the sale of real property[2] owned by the Defendant and her husband, which she testified at the 341 meeting she had no interest in;

y)    The Defendant claims that she never purchased real property in the name of her daughter and that her daughter has never held any property for the Defendant's benefit, however it is believed that the Debtor paid the deposit on 1162 Pando Loop, Orlando, FL 32824, which is owned by the Defendant's daughter and listed for sale for $699,000.

z)    The Defendant was a cosigner on a BMW that was leased on Turo, and which was not listed on her bankruptcy schedules;

aa)    The Defendant made a couple thousand dollars in income from the BMW lease on Turo, including post-petition, however the Defendant claims that she no longer generates income because the car was sold - the sale and income are not listed on her schedules;

---

[1] After notice of the Ponzi scheme.
[2] 785 Royal Palm Drive, Kissimme, Fl 34743

## FIRST CLAIM FOR RELIEF – 11 U.S.C. § 523 (a)(2)(a)

59.     Jaspup and Ramsarup reallege and incorporate paragraphs 1 through 58 as though fully set forth herein.

60.     11 U.S.C. §523(a) states, in part:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

61.     The Defendant made false pretenses, false representations and committed actual fraud in connection with the sale of securities to Jaspup and Ramsarup by the Defendant, in violation of Florida Securities laws.

62.     The Defendant made false pretenses, false representations and committed actual fraud in the nature of money obtained from and investment services to Jaspup and Ramsarup.

63.     The Defendant made false pretenses, false representations and provided actual false information to Jaspup and Ramsarup to defraud Jaspup and Ramsarup in connection with the offer and sale of the Agreements.

64.     The Defendant caused the false statements to be made or published with intent to deceive.

65.     The Defendant's statements were materially false.

66.     The Defendant's statements were relied on by Jaspup and Ramsarup.

67.     The Defendant made the statements to Jaspup and Ramsarup with the intent of having Jaspup and Ramsarup rely on them.

68.     Jaspup and Ramsarup's reliance on the Defendant's statements was reasonable.

69.     Jaspup and M Ramsarup's reliance on the Defendant's materially false statements caused Jaspsup and Ramsarup damage.

70.     Jaspup and Ramsarup are entitled to a declaration that its judgment against the Defendant is not discharged pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, Plaintiffs, Jaspup and Ramsarup pray that this Court grant its objection to the Defendant's discharge pursuant to 11 U.S.C. § 523, for an award of costs and attorney fees, and for such further relief deemed just and appropriate.

## <u>SECOND CLAIM FOR RELIEF – 11 U.S.C. § 523 (a)(4)</u>

71.     Jaspup and Ramsarup reallege and incorporate paragraphs 1 through 58 as though fully set forth herein.

72.     11 U.S.C. §523(a) states, in part:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . .

73.     The Defendant employed a device, scheme, or artifice to defraud Jaspup and Ramsarup in connection with the offer and sale of the Agreements while acting in a fiduciary capacity.

74.     The Defendant's actions constitute fraud and defalcation within the meaning of 11 U.S.C. §523(a)(4).

WHEREFORE, Plaintiffs, Jaspup and Ramsarup pray that this Court grant its objection to the Defendant's discharge pursuant to 11 U.S.C. § 523, for an award of costs and attorney fees, and for such further relief deemed just and appropriate.

**THIRD CLAIM FOR RELIEF – 11 U.S.C. § 523 (a)(19)**

75.     Jaspup and Ramsarup reallege and incorporate paragraphs 1 through 58 as though fully set forth herein.

76.     11 U.S.C. §523(a) states, in part:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –

(19) that—

(A) is for—

(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from—

(i)any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

77.    The Defendant employed a device, scheme, or artifice to defraud Jaspup and Ramsarup in connection with the offer and sale of the Agreements while acting in a fiduciary capacity.

78.    The Defendant violated §§517.12, 517.07 and 517.301 of the Florida Securities and Investor Protection Act.

WHEREFORE, Plaintiffs, Jaspup and Ramsarup pray that this Court grant its objection to the Defendant's discharge pursuant to 11 U.S.C. § 523, for an award of costs and attorney fees, and for such further relief deemed just and appropriate.

**FOURTH CLAIM FOR RELIEF – 11 U.S.C. § 727(a)(2)**

79.    Jaspup and Ramsarup reallege and incorporate paragraphs 1 through 58 as though fully set forth herein.

80.    11 U.S.C. §727(a)(2) states, in part, The court shall grant the debtor a discharge, unless:

the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

81.    At the time the Defendant filed and/or within one year of the date she filed her bankruptcy petition, the Defendant owned an interest in 785 Royal Palm Drive, Kissimme, Fl 34743, an interest in a BMW, neither of which or the sale thereof were listed on the Defendant's

schedules, paid expenses of her husband's real property and the deposit for what is believed to be 1162 Pando Loop, Orlando, FL 32824 (held in the name of the Defendant's daughter and currently listed for sale) out of the Lekhraj account.

82.     The Defendant, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, have transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the Debtor, including but not limited to her interest in 785 Royal Palm Drive, Kissimme, Fl 34743, interest in a BMW, neither of which or the sale thereof were listed on the Defendant's schedules, paid expenses of her husband's real property and the deposit for what is believed to be 1162 Pando Loop, Orlando, FL 32824 (held in the name of the Defendant's daughter and currently listed for sale) out of the Lekhraj account.. The Defendant admitted at her 2004 examination that these items were not listed on her bankruptcy schedules.

83.     The Defendant's records indicate that the Defendant continued to generate income from lease of BMW post-petition despite her claim that it was sold.

84.     The Defendant failed to list these assets, the sale thereof, or the income therefrom on her bankruptcy schedules.

85.     The Debtor is therefore not entitled to a discharge of any claims against the Debtors under 11 U.S.C. § 727(a)(2).

WHEREFORE, Jaspup and Ramsarup pray that this Court deny the discharge in favor of the Defendant pursuant to 11 U.S.C. § 727, for an award of costs and attorney fees, and for such further relief deemed just and appropriate.

### FIFTH CLAIM FOR RELIEF - 11 U.S.C. § 727(a)(3)

86.     Jaspup and Ramsarup reallege and incorporate paragraphs 1 through 58 as though fully set forth herein.

87.     11 U.S.C. §727(a)(3) states, in part, the court shall grant the debtor a discharge, unless:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

88.     At the time the Defendant and/or within one year of the date she filed her bankruptcy petition, the Defendant owned an interest in 785 Royal Palm Drive, Kissimme, Fl 34743, an interest in a BMW, neither of which or the sale thereof were listed on the Defendant's schedules, paid expenses of her husband's real property and the deposit for what is believed to be 1162 Pando Loop, Orlando, FL 32824 (held in the name of the Defendant's daughter and currently listed for sale) out of the Lekhraj account.

89.     The Defendant, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, have transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the Debtor, including but not limited to her interest in 785 Royal Palm Drive, Kissimme, Fl 34743, interest in a BMW, neither of which or the sale thereof were listed on the Defendant's schedules, paid expenses of her husband's real property and the deposit for what is believed to be 1162 Pando Loop, Orlando, FL 32824 (held in the name of the

Defendant's daughter and currently listed for sale) out of the Lekhraj account. The Defendant admitted at her 2004 examination that these items were not listed on her bankruptcy schedules.

90.    The Defendant's records indicate that the Defendant continued to generate income from lease of BMW post-petition despite her claim that it was sold.

91.    The Defendant failed to list these assets, the sale thereof, or the income therefrom on her bankruptcy schedules.

92.    The Debtor is therefore not entitled to a discharge of any claims against the Debtors under 11 U.S.C. § 727(a)(3).

WHEREFORE, Jaspup and Ramsarup pray that this Court deny the discharge in favor of the Defendant pursuant to 11 U.S.C. § 727, for an award of costs and attorney fees, and for such further relief deemed just and appropriate.

## SIXTH CLAIM FOR RELIEF – 11 U.S.C. § 727(a)(4)

93.    Jaspup and Ramsarup reallege and incorporate paragraphs 1 through 58 as though fully set forth herein.

94.    11 U.S.C. §727(a)(4) states, in part, The court shall grant the debtor a discharge, unless:

the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account.

95.    The Debtor knowingly and fraudulently, in or in connection with the case made a false oath or account; presented or used a false claim; gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; and withheld from an officer of the estate entitled to possession under this

title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

96.    At the time the Defendant and/or within one year of the date she filed her bankruptcy petition, the Defendant owned an interest in 785 Royal Palm Drive, Kissimme, Fl 34743, an interest in a BMW, neither of which or the sale thereof were listed on the Defendant's schedules, paid expenses of her husband's real property and the deposit for what is believed to be 1162 Pando Loop, Orlando, FL 32824 (held in the name of the Defendant's daughter and currently listed for sale) out of the Lekhraj account.

97.    The Defendant, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, have transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the Debtor, including but not limited to her interest in 785 Royal Palm Drive, Kissimme, Fl 34743, interest in a BMW, neither of which or the sale thereof were listed on the Defendant's schedules, paid expenses of her husband's real property and the deposit for what is believed to be 1162 Pando Loop, Orlando, FL 32824 (held in the name of the Defendant's daughter and currently listed for sale) out of the Lekhraj account..    The Defendant admitted at her 2004 examination that these items were not listed on her bankruptcy schedules.

98.    The Defendant's records indicate that the Defendant continued to generate income from lease of BMW post-petition despite her claim that it was sold.

99.    The Defendant failed to list these assets, the sale thereof, or the income therefrom on her bankruptcy schedules.

100.   Accordingly, these assets, the sale thereof, or the income therefrom are not accounted for in any fashion in the bankruptcy schedules, the Defendant made a false oath of her regarding her income, her assets and the recent sales of her assets.

101.   The Debtor is therefore not entitled to a discharge of any claims against the Debtors under 11 U.S.C. § 727(a)(4).

WHEREFORE, Jaspup and Ramsarup pray that this Court deny the discharge in favor of the Defendant pursuant to 11 U.S.C. § 727, for an award of costs and attorney fees, and for such further relief deemed just and appropriate.

## SEVENTH CLAIM FOR RELIEF – 11 U.S.C. § 727(a)(5)

102.   Jaspup and Ramsarup reallege and incorporate paragraphs 1 through 58 as though fully set forth herein.

103.   11 U.S.C. §727(a)(5) states, in part, the court shall grant the debtor a discharge, unless:

> the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities

104.   The Defendant has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets.

105.   At the time the Defendant and/or within one year of the date she filed her bankruptcy petition, the Defendant owned an interest in 785 Royal Palm Drive, Kissimme, Fl 34743, an interest in a BMW, neither of which or the sale thereof were listed on the Defendant's schedules, paid expenses of her husband's real property and the deposit for what is believed to be

1162 Pando Loop, Orlando, FL 32824 (held in the name of the Defendant's daughter and currently listed for sale) out of the Lekhraj account.

106.    The Defendant, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, have transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the Debtor, including but not limited to her interest in 785 Royal Palm Drive, Kissimme, Fl 34743, interest in a BMW, neither of which or the sale thereof were listed on the Defendant's schedules, paid expenses of her husband's real property and the deposit for what is believed to be 1162 Pando Loop, Orlando, FL 32824 (held in the name of the Defendant's daughter and currently listed for sale) out of the Lekhraj account..  The Defendant admitted at her 2004 examination that these items were not listed on her bankruptcy schedules.

107.    The Defendant's records indicate that the Defendant continued to generate income from lease of BMW post-petition despite her claim that it was sold.

108.    The Defendant failed to list these assets, the sale thereof, or the income therefrom on her bankruptcy schedules.

109.    Accordingly, these assets, the sale thereof, or the income therefrom are not accounted for in any fashion in the bankruptcy schedules, the Defendant made a false oath of her regarding her income, her assets and the recent sales of her assets.

110.    Therefore, the Debtor has failed to explain the disappearance of assets, the sale thereof, and/or the proceeds from the sale thereof within the two years prior to this bankruptcy case.

111.    The Debtor is therefore not entitled to a discharge of any claims against the Debtor pursuant to 11 U.S.C. § 727(a)(5).

WHEREFORE, Jaspup and Ramsarup pray that this Court deny the discharge in favor of the Defendant pursuant to 11 U.S.C. § 727, for an award of costs and attorney fees, and for such further relief deemed just and appropriate.

/s/ John M. Brennan, Jr.
JOHN M. BRENNAN, JR.
Florida Bar No. 0098456
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
Jack.brennan@gray-robinson.com
Counsel for Jaspup Property Holdings, LLC and
Mahendra Ramsarup

15606931.2